Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5981 | DATE | 5/1/2001 |
| CASE TITLE | USA ex rel. Zita M. King vs. Lynn Cahill-Masching | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. King's petition for a writ of habeas corpus is denied. Judgment is entered in favor of the respondent and against the petitioner. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **MAY 01 2001** | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 MAY -1 PM 2: 15 | date mailed notice | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel.* ZITA M. KING, | ) ) ) |
| Petitioner, | ) ) No. 00 C 5981 |
| v. | ) ) Judge Ruben Castillo |
| LYNN CAHILL-MASCHING, Warden, Dwight Correctional Center, | ) ) ) |
| Respondent. | ) |

DOCKETED MAY 01 2001

## MEMORANDUM OPINION AND ORDER

Zita M. King petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, attacking her state court attempted first degree murder and armed violence convictions and the resulting sentences. King claims that: (1) she was sentenced pursuant to Public Act 88-680, a law that was subsequently found unconstitutional; (2) under the Illinois Constitution, she cannot be convicted of both attempted murder and armed violence; (3) her twenty year sentence was excessive given her lack of criminal background; (4) the trial evidence was insufficient to establish her guilt for the crime of attempted first degree murder; and (5) her attorney rendered constitutionally ineffective assistance. After careful review, we deny King's petition.

### RELEVANT FACTS

When considering a habeas corpus petition, the Court presumes that the factual determinations of the state court are correct. 28 U.S.C. § 2254(e)(1). Accordingly, we adopt the facts as set forth by the Illinois appellate court in *People v. King*, No. 1-96-1753 (Ill. App. Ct. July 17, 1997).

On September 30, 1995, Consewille Thomas was at home with her two children when

Zita King knocked on the front door and entered Thomas' bedroom. An argument ensued, during which King revealed a nine-millimeter pistol she was carrying. When Thomas told King to leave, King shot Thomas in the leg. According to Thomas, King then pointed the gun at Thomas' head and pulled the trigger, but the gun did not fire. Thomas' son testified that King shot Thomas in the leg and pulled the trigger again, but the gun did not fire. King then ran away.

The trial court found King guilty of attempted first degree murder and armed violence and sentenced her to concurrent prison terms of twenty years and fifteen years, respectively. The court specifically noted Thomas and her son's consistent testimony that, after shooting Thomas in the leg, King pulled the trigger again, but the gun did not fire. After hearing arguments in aggravation and mitigation at the sentencing hearing, the court also pointed out that there were two separate acts upon which the convictions were based: (1) the attempted first degree murder conviction was based on King's pointing the gun at Thomas' head and pulling the trigger; and (2) the armed violence conviction was based on the shot to Thomas' leg.

On direct appeal, King argued that: (1) her conviction for attempted first degree murder should be vacated because it was based on the same act as the armed violence conviction; (2) her twenty year sentence for attempted first degree murder was excessive; and (3) she was not proven guilty beyond a reasonable doubt of attempted first degree murder. On July 17, 1997, the appellate court affirmed King's conviction and sentence. *King*, No. 1-96-1753. The appellate court concluded that: (1) King's convictions for attempted first degree murder and armed violence were, as noted by the trial court, based upon the two separate acts of shooting Thomas' leg and attempting to shoot Thomas in the head; (2) the trial court did not abuse its discretion in sentencing; and (3) a rational trier of fact could have found beyond a reasonable doubt that when

King pointed the gun at Thomas' head and pulled the trigger, she had the specific intent to kill Thomas. *Id.* King filed a petition for leave to appeal to the Illinois Supreme Court, which was summarily denied on December 3, 1997.

King then filed a *pro se* petition for post conviction relief, alleging that Thomas and her son's testimony conflicted and thus that there was reasonable doubt regarding the attempted first degree murder charge. King's petition for post conviction relief was dismissed on June 22, 1998. King appealed the dismissal to the appellate court, and her counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). King argued in her *pro se* response to the *Finley* motion that: (1) her attorney rendered constitutionally ineffective assistance when counsel failed to cross-examine key witnesses in order to show inconsistencies in the testimony of Thomas and her son; and (2) her twenty year sentence was excessive given her lack of criminal background. On October 12, 1999, the appellate court granted the public defender's motion to withdraw as counsel and affirmed the judgment of the trial court. *People v. King*, No. 1-98-2618 (Ill. App. Ct. Oct. 12, 1999). Subsequently, King filed a petition for leave to appeal to the Illinois Supreme Court, which was summarily denied on April 5, 2000.

On December 15, 2000, King petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* petition, King raises the following issues: (1) she was sentenced pursuant to Public Act 88-680, a law that was subsequently found unconstitutional; (2) under the Illinois Constitution, she cannot be convicted of both attempted murder and armed violence; (3) her twenty year sentence was excessive given her lack of criminal background; (4) the trial evidence was insufficient to establish her guilt for the crime of attempted first degree murder; and (5) her attorney rendered constitutionally ineffective assistance.

3

## HABEAS CORPUS STANDARDS

Initially, a federal court cannot address the merits of a habeas corpus petition unless the Illinois courts have first had a full and fair opportunity to review the petitioner's claims. *See, e.g., Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Illinois courts have had a full and fair opportunity to consider the claims raised in a habeas petition if: (1) the petitioner has exhausted all available state remedies (the "exhaustion" doctrine); and (2) the petitioner has raised all of his claims during the course of the state proceedings (the "procedural default" doctrine). *See, e.g., Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). If the petitioner fails to overcome these two procedural hurdles, the habeas petition is barred. *Id.* In this case, the State concedes that King has exhausted all available state court remedies, and the State does not challenge whether King raised all of her claims during the course of the state proceedings. (R. 12-1, Answer to Am. Pet. for Writ of Habeas Corpus at 3.) As such, this Court now considers first the cognizability and then the merits of King's claims.

## ANALYSIS

### I. Noncognizable Claims

#### A. Public Act 88-680

In her petition, King argues that she was sentenced pursuant to Public Act 88-680, a law that was subsequently found unconstitutional under the Illinois Constitution's single subject provision.[1] Ill. Const. art. IV, § 8(d). *See People v. Cervantes*, 732 N.E.2d 265, 267-74 (Ill.

---

[1] King admits in her petition that this claim was never presented to the Illinois Supreme Court because Public Act 88-680 was found unconstitutional after she exhausted all of her available state court remedies. (R. 1, Pet. for Writ of Habeas Corpus at 6.) The State, however, does not argue exhaustion or procedural default. We need not reach these procedural issues because we find that King's argument that Public Act 88-680 was found unconstitutional by the

4

1999). King claims that, because her convictions for attempted first degree murder and armed violence were to be served concurrently and she has already been incarcerated for over five years, "under previous laws prior to Public Act 88-680, I have served my prison sentence." (R. 1, Pet. for Writ of Habeas Corpus at 5.)

A federal habeas petition can afford relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). *See Steward v. Gilmore*, 80 F.3d 1205, 1214 (7th Cir. 1996). Public Act 88-680, Illinois' "Safe Neighborhoods Law," contained provisions amending various criminal statutes and sentences for *state* crimes. 1995 Ill. Legis. Serv. P.A. 88-680 (West). As such, King's claim relates to sentencing provisions under the Illinois Constitution and does not raise an issue under the United States Constitution. Therefore, this claim is not cognizable in the federal courts.

Moreover, the State correctly points out that Public Act 88-680's mandatory minimum sentencing provision "was reserved for attempted murders directed at peace officers or firefighters, correctional department employees, or emergency medical technicians." (R. 12-1, Answer to Pet. for Writ of Habeas Corpus at 6 (citing 720 ILCS 5/8-4(c)(1); 720 ILCS 5/9-1(b)(1); 720 ILCS 5/9-1(b)(2); 720 ILCS 5/9-1(b)(12)).) *See People v. Ruiz*, 726 N.E.2d 704, 711 (Ill. App. Ct. Mar. 14, 2000). King's twenty year sentence for attempted first degree murder, however, was based on the exercise of the trial court's discretion, (R. 13, Answer to Pet. for Writ of Habeas Corpus, Ex. D, *People v. King*, No. 1-96-1753 at 7-8), and falls within Illinois' sentencing guidelines for a Class X felony. *See* 730 ILCS 5/5-8-1(a)(3). Therefore, even if this claim were cognizable, the fact that Public Act 88-680 was found to violate the Illinois

---

Illinois Supreme Court is both noncognizable in federal court and lacking of any merit.

Constitution has no bearing on King's sentence.

### B. Illinois' "One Act-One Crime" Rule

In her second claim, King argues that her convictions for both attempted murder and armed violence violates Illinois' "one act-one crime" rule. *See People v. Schlenger*, 147 N.E.2d 316, 318-19 (Ill. 1958). According to the this rule, more than one offense may not be carved from the same physical act. *People v. McLaurin*, 703 N.E.2d 11, 32-33 (Ill. 1998). Multiple convictions and concurrent sentences, however, are permitted where a defendant has committed several acts, despite the interrelationship of those acts. *Id.* This claim, based as it is on Illinois' "one act-one crime" rule, is -- like King's first claim -- not cognizable because it relies on state law and does not raise an issue under the United States Constitution. 28 U.S.C. § 2254(a).

Moreover, the trial court specifically noted that King's convictions were based on two separate acts: (1) the attempted first degree murder conviction was based on King pointing the gun at Thomas' head and pulling the trigger; and (2) the armed violence conviction was based on King shooting Thomas in the leg. (R. 13, Answer to Pet. for Writ of Habeas Corpus, Ex. D, *People v. King*, No. 1-96-1753 at 3-4.) Therefore, even if this claim were cognizable, Illinois' "one act-one crime" rule does not apply to King's case because the trial court found, and the appellate court affirmed, that her convictions were based on two separate acts.

### C. Excessive Sentence

Next, King argues that her twenty year sentence for attempted first degree murder was excessive given her lack of criminal background. We first note that we must defer to the prerogative of the Illinois legislature to determine the length of a sentence imposed for a state crime. *See Rummel v. Estelle*, 445 U.S. 263, 275 (1980). Indeed, if the sentence imposed by the

6

trial court is within the range established by Illinois law, "its severity is not sufficient grounds for relief on federal habeas corpus." *United States ex rel. Sluder v. Brantley*, 454 F.2d 1266, 1269 (7th Cir. 1972). *See also United States v. Vasquez*, 966 F.2d 254, 261 (7th Cir. 1992) (holding that unless the trial court relied on improper criteria or unreliable information in imposing the sentence, habeas relief is not warranted).

In the case at bar, King was convicted of attempted first degree murder and was sentenced by the trial court to a twenty year prison term. Under the applicable sentencing statute, the trial court could have sentenced King from between six years to thirty years imprisonment. *See* 730 ILCS 5/5-8-1(a)(3). As such, King's sentence was well within the limits set by Illinois law. There is no evidence that the trial court relied upon any improper criteria in imposing King's sentence or that the sentence was "grossly disproportionate" to the crime she committed. *See United States v. Simpson*, 8 F.3d 546, 549 (7th Cir. 1993); *Vasquez*, 966 F.2d at 261. Challenges to sentences within statutory limits, in the absence of evidence that the trial court lacked the jurisdiction to impose it or that the conviction itself was unconstitutional, are simply not cognizable on habeas review. *United States v. Addonizio*, 442 U.S. 178, 186 (1979). Accordingly, we reject King's excessive sentence claim.

## II. Meritless Claims

### A. Standard of Review

The standard governing our review of King's remaining claims on the merits is strict.[2] Under the Antiterrorism and Effective Death Penalty Act of 1996, King cannot obtain habeas

---

[2] King's ineffective assistance claim was preserved through her *Finley* response and her petition for leave to appeal to the Illinois Supreme Court. (*See* R. 13, Answer to Pet. for Writ of Habeas Corpus, Exs. M & Q.)

7

relief unless she establishes that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In other words, this Court does not evaluate King's claims on the merits de novo. Rather, we analyze whether the state court's decision reasonably applied Supreme Court precedent to the facts of King's case. A state court has reasonably applied Supreme Court caselaw if its application is "at least minimally consistent with the facts and circumstances of the case." *Spreitzer v. Peters*, 114 F.3d 1435, 1442 (7th Cir. 1997). Under this limited analysis, the state court's decision must stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748-49 (7th Cir. 1997). Having set forth the applicable standards for federal habeas corpus review of claims on the merits, we now address King's insufficient evidence and ineffective assistance of counsel arguments.

### B. Insufficient Evidence

King contends that the evidence presented at trial was insufficient to establish her guilt for the crime of attempted first degree murder beyond a reasonable doubt. In challenging the sufficiency of the evidence, King maintains that she only shot Thomas in the knee, and "if [King] attempted to murder Thomas, she would have been shot in a vital spot on her body, not her knee." (R. 1, Pet. for Writ of Habeas Corpus at 6.) This Court may only grant habeas relief on an insufficient evidence claim if the prisoner can show that no rational trier of fact, "viewing the evidence in the light most favorable to the prosecution . . . could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We may not reweigh the evidence or reevaluate the credibility of the witnesses. *United States v. Mejia*, 909 F.2d 242, 245 (7th Cir. 1990).

8

In this case, there was sufficient evidence in the record to convict King of attempted first degree murder. Thomas testified that King shot her in the knee, and then pointed the gun at her head and pulled the trigger, but the gun did not fire. Thomas' son also testified that King shot Thomas in the leg and pulled the trigger again, but the gun did not fire. In affirming King's conviction, the appellate court noted that the trial court relied specifically on the consistent testimony of Thomas and her son in finding King guilty of attempted first degree murder. (R. 13, Answer to Pet. for Writ of Habeas Corpus, Ex. D, *People v. King,* No. 1-96-1753 at 3, 5-6.) Viewing the evidence in the light most favorable to the prosecution, we can only conclude that a rational trier of fact could have found the elements of attempted first degree murder beyond a reasonable doubt. Therefore, we deny King's petition seeking habeas relief on this basis.

### C. Ineffective Assistance of Counsel

Finally, King asserts that counsel failed to cross-examine the State's key witnesses in order to show inconsistencies in the testimony of Thomas and her son. The seminal case for assessing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). To state a valid claim under *Strickland*, King must establish that: (1) her counsel's performance was objectively unreasonable; and (2) but for her counsel's deficient representation, the outcome would have been different. *Id.* at 687-88. "Both components are necessary; the lack of either is fatal." *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996). Moreover, there is a strong presumption that a criminal defendant's counsel rendered assistance falling within an objective standard of reasonableness. *Mason v. Godinez*, 47 F.3d 852, 855 (7th Cir. 1995).

In the case at bar, King claims that she was deprived of a fair trial because counsel failed to question the credibility of Thomas and her son's testimony. We disagree. As noted above,

9

Thomas and her son were consistent regarding the main facts of the case: (1) that King shot Thomas in the leg; and (2) that King pulled the trigger again but the gun did not fire. This factual agreement forms the basis for King's convictions for armed violence and attempted first degree murder. King does not point to any information suggesting that counsel's alleged failure to cross-examine the State's key witnesses would have shaken this factual agreement or otherwise undercut the credibility of Thomas and her son. As such, King has failed to state a valid ineffective assistance of counsel claim under *Strickland*. Therefore, because the appellate court's determination of King's response to the *Finley* motion was not the product of an unreasonable application of Supreme Court caselaw, we reject King's petition with respect to her ineffective assistance of counsel claim.

## CONCLUSION

For the reasons set forth above, we deny King's petition for a writ of habeas corpus. (R. 1-1.) The Clerk of the Court is instructed to enter judgment pursuant to Federal Rule of Civil Procedure 58.

ENTERED:

Judge Ruben Castillo
United States District Court

**Dated: May 1, 2001**